

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| JERRY LEWIS HOWARD, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CV406-127 |
| MICHAEL TABARROK, | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

On May 18, 2006, this Court granted plaintiff leave to proceed *in forma pauperis* on the condition that he return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form within thirty days of the order. The Court informed plaintiff that his failure to return these forms would result in a recommendation that this case be dismissed. Plaintiff has timely returned the two forms; the case is therefore ready to proceed.

Congress has significantly changed the procedures for handling civil actions filed by prisoners or other detainees. Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (PLRA). Under the PLRA, a federal

court "shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under [42 U.S.C. § 1983] . . . if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(1). The PLRA requires the federal courts to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal. 28 U.S.C. § 1915A. The Court therefore will examine plaintiff's complaint to determine whether he has stated a colorable claim for relief under § 1983 against defendants.

Plaintiff alleges in his complaint that he was arrested and charged with two counts of possession of a controlled substance with the intent to distribute. Plaintiff believes that these charges were then presented to a grand jury by defendant, Assistant District Attorney Michael Tabarrok. Plaintiff seeks to have the charges against him dismissed because Tabarrok allegedly only presented "half" of the charges to the grand jury, apparently charging plaintiff with two counts of possession of a controlled substance

without charging him with "intent to distribute." Plaintiff seeks to be compensated for each day that he has been incarcerated. Doc. 1 at 6.

A § 1983 claim by a state prisoner seeking injunctive relief in the form of a release from custody is not cognizable under § 1983. Instead, such relief is a remedy exclusively for habeas corpus under 28 U.S.C. § 2254. Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). Thus, a state prisoner seeking such relief must first follow the procedures of § 2254. Prior to federal court intervention, the prisoner must seek and be "denied relief in the state courts, if a state remedy is available and adequate." Id. at 477. Plaintiff challenges the fact and duration of his present confinement as he specifically requests that the charges against him be "discharged," implying immediate release from custody. The relief he seeks is simply not cognizable under § 1983.

A § 1983 damages claim that calls into question the lawfulness of the conviction or sentence simply "does not accrue until the conviction or sentence has been invalidated." Heck v. Humphrey, 512 U.S. 477, 489 (1994). The Supreme Court likened such claims to common law tort actions for malicious prosecution, which historically have required the plaintiff to

3

allege and prove the termination of the prior criminal proceeding in his favor as an element of his claim. Id. at 484-86. Thus, the Supreme Court held

> that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Id. at 486-87.

According to the Heck Court, "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . ." Id. at 487. A finding that plaintiff's current confinement is improper and that plaintiff is entitled to "compensation" for each day that he has been in jail would necessarily imply such invalidity of the state court conviction.[1]

---

[1] The Court notes that plaintiff does not state that he actually has been convicted. Regardless, Heck prevents a pre-conviction challenge that implies the invalidity of a potential conviction on a pending criminal charge, if plaintiff has yet to be convicted. Uboh v. Reno, 141 F.3d 1000, 1006 (11th Cir. 1998).

For the above-stated reasons, plaintiff's complaint should be **DISMISSED**.

**SO REPORTED AND RECOMMENDED** this 26th day of June, 2006.

*/s/ G. R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA